UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Juanita L. Gowdy,** ) | **CASE NO. 1:14 CV 1353** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **State of Ohio Job and Family Services,** ) | |
| ) | |
| **Defendants.** ) | |

### INTRODUCTION

*Pro se* Plaintiff Juanita L. Gowdy filed this action against the State of Ohio Job and Family Services agency. From the Complaint and its exhibits, it appears Plaintiff is alleging the Defendant wrongfully terminated her certification to be a day care provider in 2007 and closed her husband's day care center. She does not specify the legal claims she is asserting in this action. She seeks monetary damages in the amount of $900,000.00, and asks this Court to clear her name.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. 2). That Application is granted.

### BACKGROUND

Plaintiff's Complaint is very brief. In its entirety, it states:

> On behalf of myself Juanita L. Gowdy is talking [sic] this opportunity in writing this complaint dismiss my cases (unintelligible) is in my name case [sic] my husband James Gowdy Daycare to be closed down and false document that

>   slander my name I am asking for further action.  This is my life
>   and I need my name to be clear forever.  I now asking for each
>   year and from the day it happen 900,000.00 Dollar.  I went throw
>   [sic] Hell and back with these cases.

(Doc. 1 at 1).  She does not specify any legal claims she seeks to assert.

## **STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the District Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.  *Bell Atl. Corp.*, 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in

-2-

the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## DISCUSSION

This is the second action Plaintiff filed against Ohio Jobs and Family Services to contest the revocation of her certification and the closure of her husband's day care. The first case, *Gowdy v. Ohio Jobs and Family Servs.*, No. 1:14 CV 1003 (N.D. Ohio Sept. 17, 2014) was filed on May 9, 2014 and assigned to United States District Judge Dan Aaron Polster. In that action, Plaintiff alleged few facts but attached documents from the Ohio Eighth District Court of Appeals indicating she filed an action against the Defendant in state court to contest the revocation of her certification and the closure of her husband's day care. *See Gowdy v. Cuyahoga Cty. Dept. of Children & Family Servs.*, No. 95956, 2011 WL 1744430 (Ohio App. 8 Dist. May 5, 2011). Judge Polster held that the doctrine of *res judicata* applied to bar this Court from re-hearing matters which were already litigated in the state court. Furthermore, Judge Polster determined the only possible federal causes of action that could be construed from the facts alleged in her Complaint would arise under one of the civil rights statutes, and the two year statute of limitations for actions arising under 42 U.S.C. §§ 1981, 1983 or 1985 expired in 2009. *Browning v. Pendleton*, 869 F.2d 989 (6th Cir.1989) (en banc)). He dismissed Case No. 1:14 CV 1003 on the merits on September 17, 2014. Plaintiff has now filed the same action against the same Defendant based on what appears to be the same facts and circumstances.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,

918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case.

*Res judicata* is an affirmative defense that generally must be raised by the Defendant. FED. R. CIV. P. 8(c). *See Haskell v. Wash. Township*, 864 F.2d 1266, 1273 (6th Cir. 1988). The Supreme Court as well as the Sixth Circuit, however, have indicated that a Court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000); *Hutcherson v. Lauderdale County, Tennessee*, 326 F.3d 747, 757 (6th Cir. 2003); *Holloway Constr. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir.1989) (affirming a district court's *sua sponte* assertion of *res judicata* where the district court decided the original case). The "special circumstance" recognized in *Arizona*, is present when "a court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412 (internal quotation marks omitted).

The Court takes notice of its own docket and recognizes the prior decision on the merits against this Defendant. Plaintiff is barred by the doctrine of *res judicata* from bringing a second action against Ohio Jobs and Family Services for the revocation of her certification and the closure of her husband's day care in 2008.

**CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/21/14